IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON R. HILLESHIEM,

                                                          OPINION AND ORDER

                Plaintiff,

                                                          13-cv-39-bbc

   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an appeal of an administrative decision denying plaintiff Jason Hillshiem's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits and supplemental security income. The administrative law judge concluded that plaintiff had severe impairments in the form of mild obesity, arthropathy, asthma and generalized anxiety disorder, but concluded that plaintiff was not disabled because he could perform a significant number of available jobs, such as a counter clerk and a cashier.

      Plaintiff argues that the administrative law judge made several errors in his decision that require reversal: (1) he used the wrong standard for determining whether plaintiff was disabled; (2) he did not give adequate consideration to the opinion of plaintiff's treating physician; (3) he did not account for evidence showing that plaintiff had limitations in concentration, persistence and pace; and (4) he did not consider plaintiff's "diagnosis with borderline intellectual functioning." Because I conclude that each of these arguments is

1

incorrect or forfeited as undeveloped, I am affirming the decision.

OPINION

A. Standard for Determining Disability

"Disability" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Plaintiff argues that the administrative law judge did not apply this standard, citing the following sentence from his decision: "Regarding the claimant's mental illness, though the claimant has had somewhat regular treatment, it still is not the type of medical treatment one would expect for a totally disabled individual." AR 21. Plaintiff interprets the sentence to mean that he was required to prove that he is "incapable of performing any work." Plt.'s Br., dkt. #10, at 13. Plaintiff does not identify why he believes the statement is suggestive of an incorrect standard, but presumably it is the use of the modifier "totally."

Out of context, perhaps the phrase "totally disabled" is ambiguous, but in reviewing the administrative law judge's decision as a whole, I see no basis for finding that he departed from the well-established standard of review. The quoted sentence does not come from a portion of the decision applying the disability standard to the facts of the case but rather from a consideration of plaintiff's credibility. Further, in other parts of the decision, the administrative law judge set forth the relevant five-step process for determining disability,

2

including the requirement that past relevant work must qualify as "substantial gainful activity" and that a claimant's residual functional capacity is his ability to work "on a sustained basis." AR 32-33. He concluded that plaintiff was "not disabled" under the Social Security rules. AR 24. Plaintiff does not cite any other portion of the administrative law judge's decision to support a view that he was requiring plaintiff to show something more than the law requires. Under these circumstances, the use of the phrase "totally disabled" is best read as shorthand for the disability standard under § 423. Without additional evidence, it would be unreasonable to construe an isolated phrase as an indication that the administrative law judge was ignorant of the most basic question in the case.

### B. Treating Physician

In January 2010, plaintiff's treating physician, Christine Richards, signed a form titled "Certification of Disability" in which she marked a box that plaintiff was disabled under the definition used by the Department of Housing and Urban Development. AR 291. The administrative law judge gave "no weight" to this opinion for three reasons: (1) the ultimate finding of disability is reserved to the commissioner, not a treating physician; (2) the standard for disability used by the Department of Housing and Urban Development is different from the standard used by the Social Security Administration; and (3) Richards had not treated plaintiff for nearly a year and there was no evidence that she had treated plaintiff consistently before that.

Plaintiff challenges the administrative law judge's conclusion on three grounds. First,

3

although he acknowledges that a determination of disability is reserved to the commissioner, he says that the administrative law judge still was required to consider Richards's opinion "regarding the nature and severity" of plaintiff's condition. Plt.'s Br., dkt. #10, at 15 (citing Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000)). In a recent opinion, Garcia v. Colvin, No. 13-2120, slip op. at 4, (7th Cir. Dec. 20, 2013), the Court of Appeals for the Seventh Circuit rejected as untrue a similar statement by an administrative law judge. "What is true is that whether the applicant is sufficiently disabled to qualify for social security benefits is a question of law that cannot be answered by a physician. But the answer to the question depends on the applicant's physical and mental ability to work full time and that is something to which medical testimony is relevant and if presented can't be ignored."

In this case, however, it was legitimate for the administrative law judge to dismiss Richards's opinion because there was no such "opinion" in the record regarding the nature and severity of plaintiff's condition. Rather, Richards simply stated that plaintiff was disabled, without stating any reasons for that conclusion.

Second, plaintiff blames the administrative law judge for failing to consider evidence in the record that supported Richards's conclusion, or, if the record was inconclusive, from contacting Richards to get more information from her. The first part of this argument fails because plaintiff does not cite any specific evidence in the record supporting a finding of disability. With respect to the administrative law judge's failure to contact Richards, that requirement applies when ambiguities in the record make it impossible for the administrative law judge to make a disability determination, Skarbek v. Barnhart, 390 F.3d 500, 504 (7th

4

Cir. 2004); he is not required to contact a physician simply because he finds an opinion unpersuasive, Simila v. Astrue, 573 F.3d 503, 516 (7th Cir. 2009), which was the situation in this case.

Finally, plaintiff says that Richards submitted a letter explaining her opinion to the Appeals Council after the administrative law issued his decision, but the Appeals Council "did not address this evidence and refused to review the case." Plt.'s Br., dkt. #10, at 15. In its decision denying plaintiff's request for review, the Appeals Council stated that it had considered Richards's letter, but "found that [it] does not provide a basis for changing the Administrative Law Judge's decision." AR 5.

The Court of Appeals for the Seventh Circuit has limited the ways in which a plaintiff may rely on evidence submitted for the first time to the Appeals Council. Eads v. Secretary of Dept. of Health & Human Services, 983 F.2d 815, 818 (7th Cir. 1993). For example, the plaintiff may argue that the evidence is both "new" and "material" under 42 U.S.C. § 405(g). However, plaintiff does not acknowledge the standard articulated in Eads, much less develop an argument as to why Richards's letter requires a remand, so he has forfeited this issue. Fednav Internationall Ltd. v. Continental Insurance Co., 624 F.3d 834, 841 (7th Cir. 2010) ("[A] party who fails to adequately present an issue to the district court has waived the issue.").

C. Borderline Intellectual Functioning

Plaintiff says that the administrative law judge "fail[ed] to consider [plaintiff's]

5

diagnosis with borderline intellectual functioning." Plt.'s br., dkt. #10, at 11. He cites a 2011 psychological evaluation that produced that diagnosis, AR 303, as well as a 1994 psychological report stating that plaintiff's "overall ability is classified in the Borderline range" while also noting that plaintiff had scored higher on two previous tests. AR 282. In his decision, the administrative law judge stated that plaintiff "has consistently been described as having average intellectual abilities with no memory problems," AR 21, but he cited no specific records to support that statement.

Although the administrative law judge did not explicitly discuss potential limitations in plaintiff's intelligence, he did limit plaintiff to "simple, routine and repetitive" work. AR 20. Regardless whether the administrative law judge misstated the record, any error is harmless if the residual functional capacity assessment incorporates any limitations plaintiff may have. Olson v. Colvin, 13-C-0015, 2013 WL 5230799, *17 (E.D. Wis. Sept. 17, 2013) ("Even if the ALJ erred [by ignoring evidence regarding plaintiff's intellectual functioning], the error would be harmful only if the ALJ failed to include corresponding limitations in the RFC."). Because plaintiff does not develop any argument that the administrative law judge's residual functional capacity is inadequate with respect to this issue, he has not shown that he is entitled to a remand. Id. ("The ALJ limited plaintiff to simple, routine, and repetitive work, and plaintiff fails to specifically identify any evidence supporting greater limitations due to his intellectual functioning.") (citing Stubbs–Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008); Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2007); Gerow v. Astrue, No. 12–C–0080, 2013 WL 173795, at *4 (E.D.Wis. Jan. 16, 2013).

D. <u>Concentration, Persistence and Pace</u>

Plaintiff argues that the administrative law judge erred by concluding that plaintiff suffered from only mild limitations in concentration, persistence and pace. I understand plaintiff to be making two arguments: (1) the administrative law judge failed to account for the medical expert's finding that plaintiff had moderate limitations in concentration, persistence and pace; and (2) other evidence in the record supports a conclusion that plaintiff "cannot meet the stressful demands of a stressful and competitive work setting on a continuing, sustained basis." Plt's Br., dkt. #10, at 10.

Plaintiff's first argument is a nonstarter because, as the commissioner points out, the medical expert found that plaintiff suffered from only mild limitations in concentration, persistence and pace. AR 52. These limitations rose to moderate levels only when plaintiff was abusing alcohol. <u>Id.</u> Because plaintiff does not allege that he is still abusing alcohol, he cannot rely on that finding.

With respect to the other evidence in the record, plaintiff simply cites a string of documents without developing an argument to support his contention that they require a remand. Even if I assume that plaintiff is correct that the record would support a conclusion that plaintiff's limitations require low stress work, he does not explain why he believes that the administrative law judge's residual functional capacity would be inadequate to account for that limitation. AR 21 (limiting plaintiff to work that is "simple, routine and repetitive"). Accordingly, I conclude that plaintiff has failed to show that he is entitled to a remand.

ORDER

IT IS ORDERED that plaintiff Jason R. Hillesheim's motion for summary judgment is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case

Entered this 2d day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge